742 A.2d 583 (1999)
326 N.J. Super. 591
J & M LAND COMPANY, Plaintiff-Appellant/Cross-Respondent,
v.
FIRST UNION NATIONAL BANK, Defendant-Respondent/Cross-Appellant/Third-Party Plaintiff,
v.
R.C. Maxwell Company, Third-Party Defendant.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1999.
Decided December 28, 1999.
*584 Richard O. Venino, Sea Girt, for plaintiff-appellant/cross-respondent.
John A. Ridgeway, for defendant-respondent/cross-appellant/third-party plaintiff.
Before Judges SKILLMAN, D'ANNUNZIO and FALL.
The opinion of the court was delivered by SKILLMAN, P.J.A.D.
This appeal requires us to determine the limitations period that governs a claim of title by adverse possession to part of a tract of open marshland.
Defendant First Union National Bank (First Union) is the owner of a large tract of marshland in Egg Harbor Township that has approximately 550 feet of frontage along Northfield-Margate Boulevard. Plaintiff J & M Land Company (J & M) is the owner of an adjoining tract that has approximately 300 feet of frontage along the Boulevard.
In 1956, J & M's predecessor in title leased three sites along the Boulevard to third-party defendant R.C. Maxwell Company (Maxwell) for the purpose of erecting and maintaining billboards. Unknown to J & M or Maxwell, one of the three sites was located on First Union's property. Shortly after executing the lease, Maxwell erected two billboards on First Union's property, one facing eastbound traffic and the other facing traffic traveling westbound. Each billboard has two panels that are illuminated by electric lights. Maxwell maintains the billboards as well as the land immediately adjoining them. Except for the billboards, the remainder of the First Union and J & M properties is uncultivated marshland. Since 1956, Maxwell has paid rent for this site to J & M and its predecessors. During the same period, First Union has paid all taxes on the property.
In 1996, the Egg Harbor Township tax assessor notified First Union that its tax assessment had been increased because billboards were located on its property. Before receiving this notification, First Union had no knowledge of the billboards' presence. A survey was then performed, which disclosed that the billboards are located in the middle of the First Union frontage along the Boulevard, 200 feet *585 from the boundary line between the First Union and J & M properties.
First Union subsequently sent a letter to J & M demanding that J & M turn over the rents it had received for the billboards. When the parties were unable to negotiate a settlement, J & M brought this action for a declaratory judgment that it had acquired what it characterized as a "prescriptive easement" over the area where the billboards are located as well as adjacent land used for maintenance of the billboards. First Union filed a counterclaim for a declaration that J & M has no interest in its property and an accounting for all rents that J & M received from Maxwell. First Union also filed a third party complaint against Maxwell.
After completion of discovery, the case was brought before the trial court on cross motions for summary judgment. The court concluded in an oral opinion, subsequently formalized by a written opinion, that J & M had not established its claim and that First Union has clear title to the property. The court rested its decision on two alternative grounds: first, that J & M's claim is governed by the sixty-year limitations period for adverse claims to "uncultivated tracts" and that J & M's period of possession had lasted only thirty nine years; and second, that J & M's possession of the area where the billboards are located had not been "notorious" because the boundary line between the First Union and J & M tracts is not visible to the naked eye. The court also held that First Union is only entitled to the rents from the billboards for the period subsequent to its demand letter to J & M.
J & M appeals from the trial court's rejection of its claim to the part of First Union's property on which the billboards are located. First Union cross appeals from the part of the judgment which limits damages to the rents J & M received subsequent to First Union's demand.
We agree with the trial court's conclusion that J & M's claim is governed by the sixty-year limitations period applicable to a claim of title by adverse possession to an "uncultivated tract," and consequently affirm the judgment rejecting J & M's claim to the part of First Union's tract on which the billboards are located. This conclusion makes it unnecessary to consider the court's alternative holding that J & M's possession of First Union's land was not notorious. We also conclude that the trial court erred in limiting First Union's damages to the period following its demand for an accounting of rents, rather than for the full six-year period allowed under N.J.S.A. 2A:35-2.
I
"Generally to acquire title by adverse possession, the possession must be actual and exclusive, adverse, visible or notorious, and continued and uninterrupted." Patton v. North Jersey Dist. Water Supply Comm'n, 93 N.J. 180, 186, 459 A.2d 1177 (1983). "The heart of the doctrine is the failure of the owner to commence an action for recovery of the land within the designated period of the statute of limitations." Ibid.
There are three separate statutory provisions that may govern an adverse possession claim. N.J.S.A. 2A:14-6 and -7 provide that actions to enforce rights of entry to gain title must be brought within twenty years from the time such claims accrue. N.J.S.A. 2A:14-31 provides that thirty years of actual possession of any real estate under color of title vests in the possessor "absolute right and title." Finally, N.J.S.A. 2A:14-30, which was held by the trial court to govern this case, provides:
Thirty years' actual possession of any real estate excepting woodlands or uncultivated tracts, and 60 years' actual possession of woodlands or uncultivated tracts, uninterruptedly continued by occupancy, descent, conveyance or otherwise, shall, in whatever way or manner such possession might have commenced or have been continued, vest a full and complete right and title in every actual *586 possessor or occupier of such real estate, woodlands or uncultivated tracts, and shall be a good and sufficient bar to all claims that may be made or actions commenced by any person whatsoever for the recovery of any such real estate, woodlands or uncultivated tracts.
These statutes "relate and apply to different subjects neither of which conflicts with the other...." Braue v. Fleck, 23 N.J. 1, 8, 127 A.2d 1 (1956). The applicable limitations period does not turn on "the form of action brought to settle...a dispute as to title...." Id. at 18, 127 A.2d 1. Instead, it is "a question of substantive law" which is controlled by the factual basis of the adverse possession claim. Ibid.
The trial court correctly concluded that the applicable limitations period is the sixty-year period provided by N.J.S.A. 2A:14-30 for claims to "uncultivated tracts." The property claimed by J & M is open marshland that has never been cultivated and apparently is not suitable for any form of cultivation or development. In fact, there was testimony that the property is covered by water at high tide. The two billboards along one boundary are only limited improvements that do not alter the basic character of this large open tract of uncultivated land.
We reject J & M's argument that it has the option of relying upon the shorter twenty-year limitations period provided by N.J.S.A. 2A:14-6 and -7, even though First Union's property is "uncultivated" within the intent of N.J.S.A. 2A:14-30. J & M relies upon a statement in Spottiswoode v. Morris & Essex R.R. Co., 61 N.J.L. 322, 330, 40 A. 505 (Sup.Ct.1898), aff'd o.b., 63 N.J.L. 667, 44 A. 1100 (E. & A. 1899), which is repeated nearly verbatim in Braue, supra, 23 N.J. at 8, 127 A.2d 1, that both statutes "are open to the defendant, so that if either suits his case and is sufficient to defend his possession he is at liberty to avail himself of it, although the facts of his case may exclude him from the benefit of the other." However, the defendants in those cases were the titleholders of record. Thus, it is the record owner of a property, not the adverse claimant, who, in the language of Spottiswoode and Braue, may invoke whichever statute "is sufficient to defend his possession." Any other rule would undermine the objective of N.J.S.A. 2A:14-30's sixty-year limitations period, which is to afford the owner of a "large expanse of wild and unsettled land[ ]" a longer period of time than other property owners to ascertain the presence of an adverse possession or use and to bring a legal action to preserve its title. Braue, supra, 23 N.J. at 11, 127 A.2d 1.
We also reject J & M's argument that the applicable limitations period is only twenty years because its claim is to a prescriptive easement rather than a fee. Even assuming that the limitations period for acquisition of a prescriptive easement in this State is only twenty years, regardless of the nature of the land to which the claim is made, compare Plaza v. Flak, 7 N.J. 215, 220, 81 A.2d 137 (1951) with Spiegle v. Borough of Beach Haven, 116 N.J.Super. 148, 158, 281 A.2d 377 (App. Div.1971),[1] J & M's use of First Union's property was possessory in nature rather than merely an easement. Two characteristics of an easement that distinguish it from a possessory interest are that an easement constitutes "a `limited' use or enjoyment of the land" and "is not a normal incident of a possessory land interest." Leach v. Anderl, 218 N.J.Super. 18, 24, 526 A.2d 1096 (App.Div.1987) (quoting Town of Kearny v. Municipal Sanitary Landfill Auth., 143 N.J.Super. 449, 459, 363 A.2d *587 390 (Law Div.1976)); Restatement of Property § 450. The billboards erected and maintained on First Union's land do not constitute a limited use or enjoyment of the land. They are substantial structures connected to power lines that provide the electricity required to illuminate the billboards. As a result, it would be impossible for First Union to make any use of the land in the vicinity of the billboards, and because the remainder of the property is marshland, the billboards constitute the only practical use that can be made of any part of the property. Consequently, the maintenance of billboards constitutes a possessory interest rather than "a `limited' use or enjoyment of the land."
There is also an equitable consideration that supports our conclusion that J & M's claim is governed by the law of adverse possession. If J & M were recognized to have acquired a presriptive easement, First Union would remain liable for taxes, because the owner of the fee has sole responsibility for payment of real estate taxes. See Crewe Corp. v. Feiler, 28 N.J. 316, 320, 146 A.2d 458 (1958). At the same time, J & M could continue to reap the profits from the lease of the billboard site in perpetuity. We are unwilling to sanction a classification of J & M's claim which could lead to such an unfair resolution of this case.
Therefore, we conclude that J & M's claim to the part of First Union's property on which the Maxwell billboards are located is governed by the sixty-year limitations period applicable to a claim of title by adverse possession to an "uncultivated tract."
II
N.J.S.A. 2A:35-2 provides that a property owner who prevails in a quiet title action brought under N.J.S.A. 2A:35-1 "shall be entitled to recover from the defendant any and all incidental damages, including mesne profits, and the full value of the use and occupation of the premises for the time, not exceeding 6 years, before the commencement of the action, during which the defendant was in possession thereof." Although the trial court correctly held that First Union's damages claim is governed by N.J.S.A. 2A:35-2 and that the appropriate measure of damages is the rent which J & M has received from Maxwell, it only awarded damages for the period following First Union's demand for an accounting of rents, rather than for the full six-year period preceding the filing of First Union's counterclaim.
Even assuming that a trial court has the discretionary authority to withhold an award of damages for the full six-year period provided by N.J.S.A. 2A:35-2, there is no factual basis in this case for limiting First Union's damages. J & M has received the rents from the billboards for a period of nearly forty years, during which First Union has borne the only costs of ownership of the propertypayment of real estate taxes and insurance. Consequently, the award to First Union of all rents received by J & M during the six year period preceding the filing of First Union's counterclaim in 1997 would still allow J & M to retain all the rents received from 1956 to 1991 without paying any of the property's carrying costs. Under these circumstances, we perceive no equitable basis for denying First Union recovery of the full amount of damages allowed under N.J.S.A. 2A:35-2.
The most recent lease of the three billboard sites along Northfield-Margate Boulevard obligates Maxwell to pay J & M thirty percent of its net income, with a $12,000 per year guarantee. The record does not indicate how much rent J & M has received under this lease since 1991 for the two billboards located on First Union's property. Consequently, a remand is required for a determination of this amount.
Accordingly, we affirm the part of the judgment determining that First Union retains title to the area where the Maxwell billboards are located and reverse the part *588 limiting First Union's damages to the period subsequent to its demand upon J & M. The case is remanded to the trial court for a redetermination of damages in accordance with this opinion.
NOTES
[1] The prevailing rule, as expressed in comment a to section 460 of the Restatement of Property (1944), is that "[t]he `period of prescription' is fixed, in the absence of specific statutory provision, by analogy to the period derived from the local statutes of limitations for the acquisition of title to land by adverse possession," which in this case would be the sixty-year limitations period for "uncultivated tracts" provided by N.J.S.A. 2A:14-30.